IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD MAX FLEMING and
MATTHEW RYAN FLEMING,

            Plaintiffs,

    v.

DIANE MARIE HAAG,

            Defendant.

OPINION and ORDER

Case No. 17-cv-965-wmc

---

*Pro se* plaintiffs Richard Max Fleming and Matthew Ryan Fleming filed this civil action, seeking to bring contract claims against defendant Diane Marie Haag, Richard Fleming's former spouse and Matthew Fleming's mother. Plaintiffs also filed several motions seeking injunctive relief (dkts. ##3, 5, 6, 7, 8, 9). Since they have been permitted to proceed *in forma pauperis*, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2)(B). In doing so here, the court is mindful that plaintiffs are held to a "less stringent standard" in crafting pleadings as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, this court plainly lacks subject matter jurisdiction over plaintiffs' claims, so this lawsuit will be dismissed and the requests for injunctive relief will be denied.

## BACKGROUND

Plaintiffs' claims in this lawsuit relate to alleged errors committed by the Sarpy County District Court, the Nebraska Court of Appeals, and the Nebraska Supreme Court

in handling an alleged modification of a 2009 child and spousal support agreement between Richard Fleming and Haag. They claim that Richard and Haag orally agreed to modify their child and spousal support agreement as follows: Haag would end Richard's child and spousal support obligations and return various items of personal property to Richard, in exchange for Richard's agreement not to seek child support for Matthew, who had started living with Richard.

Instead of honoring the terms of that agreement, however, Haag continued to demand child support and alimony, as well as pursued garnishment of Richard's benefits. Among other things, plaintiffs claim that Haag's garnishment proceedings have in particular prevented Richard from renewing his passport. In addition to seeking monetary damages, therefore, plaintiffs request two forms of injunctive relief: (1) enforcement of the purported agreement, and (2) restoration of Richard's passport.

OPINION

As noted above, plaintiffs' lawsuit suffers from a fundamental defect at the outset. While plaintiffs claim that the court can exercise diversity jurisdiction over their state law claims under 28 U.S.C. § 1332 because they are California residents and Haag is a Wisconsin resident, this court lacks subject matter jurisdiction over these claims. *First*, even though they name Haag as a defendant, plaintiffs are essentially appealing multiple Nebraska custody placement and child and spousal support determinations. Yet child custody, child support and alimony decisions fall within the areas of family or domestic relations, which is exclusively governed by state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the

2

relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); *Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

*Second*, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered injunction or restraining order. That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child

custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying

*Rocker-Feldman* to a Wisconsin child-custody decision).

Because plaintiffs are essentially challenging Nebraska state court decisions related

to the dissolution of Richard's marriage to Haag, they cannot proceed with their claims in

federal court.[1]

ORDER

IT IS ORDERED that:

1.  This lawsuit is DISMISSED for lack of subject matter jurisdiction and all of the
    requests for injunctive relief (dkts. ##5, 6, 7, 8, 9) are DENIED.

2.  The clerk of court is directed to close this case.

Entered this 16th day of August, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

---

[1]  Plaintiffs' filings indicate that Michael is no longer a minor, and the complaint does not suggest
that Michael's claims are independent from Richard's claim in any way.  While the court questions
whether Michael has standing to assert *any* claim against Haag related to the support agreement,
the court is dismissing this case under the domestic relations doctrine alone.